[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-11886
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 22, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00092-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ALLEN LANE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(September 22, 2006)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

William Lane appeals his conviction for transporting child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1). On appeal, Lane argues that the district court lacked jurisdiction over his case because his conduct could not be

proscribed consistent with the limits of the Commerce Clause. He asserts that his distribution of child pornography over the internet was purely intrastate, and Congress's power to regulate the "use" of the "channels" of interstate commerce to prevent immoral or injurious uses does not extend to the regulation of "instrumentalities" of commerce. According to Lane, his internet conduct was purely intrastate and involved use of an "instrumentality" of commerce, rather than a "channel" of commerce. After careful review, we affirm.

Because Lane raises his Commerce Clause argument for the first time on appeal, our review is for plain error. See United States v. Peters, 403 F.3d 1263, 1270-71 (11th Cir. 2005) (reviewing for plain error defendant's challenge to his conviction on the ground that 18 U.S.C. § 922(d)(1) exceeded Congress's Commerce Clause power). To demonstrate plain error, Lane "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." See United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). An error is not plain unless it is contrary to precedent directly resolving a legal issue. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

The relevant facts are straightforward. On August 31, 2005, Lane was indicted for possessing child pornography (Count One), in violation of 18 U.S.C. §

2

2252(a)(4)(B) and (b)(2), and transporting child pornography (Count Two), in violation of 18 U.S.C. § 2252(a)(1) and (b)(2). In a written plea agreement, Lane pled guilty to Count Two and the government dismissed Count One.

In the agreement, Lane also stipulated to a factual basis for his plea. According to this stipulation, on or about August 26, 2005, Lane knowingly transported child pornography in interstate commerce by sending, via his internet service provider, America Online (AOL), which is located in Virginia, fourteen images of child pornography, including images showing prepubescent males engaged in fondling, fellatio, and anal intercourse. Lane, who lived in North Fort Myers, sent the child pornography to Richard Franklin, who also lived in North Fort Myers and who subsequently notified the authorities. Later that same day, Lane told Franklin that he had pictures of children ranging from six to sixteen years old, and that he had made two computer disks for Franklin, one containing about 400 pictures and the other containing about 350 pictures. Lane subsequently told Franklin not to download the images on his computer, but to keep them on the disks. Lane also indicated that, in all, he had about 4,000 to 5,000 child pornographic images. After his arrest, Lane told authorities that he had obtained the images by searching an internet site maintained by Yahoo, which is located in

California. The district court accepted Lane's plea, and sentenced him to a 240-month term of imprisonment. This appeal followed.

The U.S. Constitution gives Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. Art. I, § 8, Cl 3. The Supreme Court has identified the following three broad categories of activity that Congress may regulate under the Commerce power: (1) "the use of the channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce;" and (3) "activities that substantially affect interstate commerce." United States v. Lopez, 514 U.S. 549, 558-559 (1995) (internal citations omitted).

As for Lane's argument that his conduct was purely intrastate in nature, we have held that "Congress clearly has the power to regulate the internet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact." United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004), cert. denied, 125 S. Ct. 2951 (2005); see also United States v. Ballinger, 395 F.3d 1218, 1225 (11th Cir.) (en banc) ("Plainly, congressional power to regulate the channels and instrumentalities of commerce includes the power to prohibit their use for harmful purposes, even if the targeted harm itself

4

occurs outside the flow of commerce and is purely local in nature."), cert. denied, 126 S. Ct. 368 (2005). Moreover, in order to effectuate a comprehensive scheme to eliminate the market for child pornography, "it is within Congress's authority to regulate all intrastate possession of child pornography, not just that which has traveled in interstate commerce or has been produced using materials that have traveled in interstate commerce." United States v. Maxwell, 446 F.3d 1210, 1217-18 (11th Cir. 2006) (emphasis added) (applying Gonzalez v. Raich, 545 U.S. 1 (2005)).[1]

Pursuant to our controlling precedent on the subject, Congress possessed the power to proscribe Lane's distribution of child pornography over the internet, and, accordingly, the district court's exercise of jurisdiction over this case was not plainly erroneous.

**AFFIRMED.**

---

[1]We also observe that the factual stipulation belies Lane's contention that his conduct was purely intrastate in nature. Lane admitted both that he used AOL and that AOL was located in Virginia. He further admitted that he used a Yahoo search engine and that Yahoo was located in California. Cf. United States v. Drury, 396 F.3d 1303, 1312-13 (11th Cir.) (holding that routing of cellular phone calls from Georgia, through Florida switching center, and then back to Georgia satisfied interstate-nexus requirement), cert. denied, 126 S. Ct. 336 (2005).