[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-15783
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00007-CR-WDO-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK WESLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(October 13, 2006)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Frank Wesley appeals his sentence of 36 months of imprisonment imposed

following revocation of his supervised release. We AFFIRM.

## I. BACKGROUND

In September 2000, Wesley pled guilty to several counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a term of 110 months of imprisonment to be followed by five years of supervised release. Because of Wesley's substantial assistance to the government, the sentencing judge subsequently reduced his sentence to 85 months of imprisonment. In August 2005, while Wesley was serving his supervised-release term, his probation officer filed a petition alleging that Wesley had tested positive for marijuana on five occasions, in violation of the terms of his supervised release. The probation officer recommended that Wesley's supervised release be revoked. The district judge issued a summons ordering Wesley to appear to answer the allegations set forth in the petition.

At his hearing, Wesley admitted the allegations and explained that he believed that he was addicted to marijuana and wanted to receive treatment for his addiction. He further requested that he not be imprisoned. Wesley's mother testified as to his good character and reported that he had been attending a drug rehabilitation treatment program during his time on supervised release but that he still had a problem with marijuana use. After hearing from Wesley and his mother and stating that he had considered the policy statements in the Sentencing

Guidelines, the district judge determined that Wesley had violated the terms of his supervised release and sentenced him to 36 months of imprisonment. R2 at 7. The district judge noted that 18 U.S.C. § 3583(g) required mandatory revocation of Wesley's supervised release and concluded that an exception to that provision was not warranted because of Wesley's "ongoing use of marijuana, despite [his] participation in a substance abuse treatment program." Id. at 7-8. The judge noted that this sentence was outside of the Sentencing Guidelines range of five to eleven months of imprisonment,[1] but he stated that the Guidelines range would be "inadequate" for Wesley given his repeated marijuana use while on supervised release. Id. at 7. The judge further recommended that Wesley be placed in a 500-hour residential substance abuse treatment program while in the custody of the Bureau of Prisons ("BOP").[2] Id. at 8.

On appeal, Wesley's counsel argues that the district judge plainly erred by sentencing Wesley to the statutory maximum of 36 months of imprisonment rather

---

[1] Although the report calculating the Sentencing Guidelines range has not been included in the record on appeal, both Wesley and the government agree that the Guidelines range was five to eleven months of imprisonment. Appellant's Br. at 4; Appellee's Br. at 3.

[2] In a handwritten letter to the district court, filed more than two months after the revocation hearing, Wesley asserted several claims of ineffective assistance of counsel. R1-175. Even if this letter were construed to be a brief in support of a valid appeal, the ineffective assistance of counsel claims are not ripe for review, because they were not resolved by the court below. Furthermore, the arguments made in counsel's brief must define the scope of the appeal, since that counsel has not been discharged.

3

than within the Sentencing Guidelines range of five to eleven months of imprisonment. He contends that the judge's purpose for sentencing Wesley to 36 months of imprisonment was to facilitate his placement in the BOP's intensive 500-hour drug rehabilitation program, although he has now received notice that he will not be placed in that program. Wesley argues that the sentence imposed defeats, rather than facilitates, the district judge's intention. He further asserts that the judge failed to consider any alternative to the maximum sentence specifically by ignoring whether residential, inpatient treatment, combined with some term of incarceration, would be more appropriate. Wesley's counsel argues that the sentencing judge should have provided for a decrease in his sentence if the BOP did not place him in the 500-hour program, as other sentencing judges have done in similar situations.

## II. DISCUSSION

Since Wesley failed to object in district court on the grounds he asserts on appeal, we review the revocation and sentence for plain error. United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). Under the plain error standard, Wesley "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." Id. The test for showing that the error affected substantial

4

rights, and thus "'the outcome of the district court proceedings,'" is the formulation of a reasonable probability of a different result, which means a probability "'sufficient to undermine confidence in the outcome.'" United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir.) (citations omitted), cert. denied, __ U.S. __, 125 S.Ct. 2935 (2005). An error cannot be plain unless the error is "'clear under current law.'" United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000) (per curiam) (citation omitted). Where neither the Supreme Court nor our court has resolved an issue, that issue cannot be the subject of plain error. Id.

When confronted with a violation of supervised release, the sentencing judge may, after considering the factors enumerated in 18 U.S.C. § 3553(a), among other things, "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release." 18 U.S.C. § 3583(e)(3). Among the factors listed in § 3553(a) are "the history and characteristics of the defendant," "the need . . . to promote respect for the law," "the need . . . to provide . . . correctional treatment," and "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a). Moreover, we have held that a district judge is permitted to consider rehabilitative goals in issuing a sentence when imposing imprisonment after revocation of supervised release. United States

5

v. Brown, 224 F.3d 1237, 1240 (11th Cir. 2000).

The Guidelines for sentencing following revocation of supervised release are meant to serve as policy statements only and were non-binding, even before United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005) (per curiam). Therefore, after considering the § 3553(a) factors, a sentencing judge has discretion to deviate from the Guidelines range up to the statutory maximum term for the offender's violation. Id. Wesley's original crime of distributing fifty grams or more of cocaine base is a Class A felony and results in a statutory maximum sentence of life imprisonment. 18 U.S.C. § 3559(a)(1). One who is under supervised release for the commission of a Class A felony may be imprisoned for a maximum term of five years upon revocation of supervised release. 18 U.S.C. § 3583(e)(3). Accordingly, Wesley's sentence of 36 months of imprisonment was within the statutorily authorized range.

The district judge considered testimony of both Wesley and his mother regarding Wesley's history and characteristics. The judge further stated that Wesley's sentence was imposed after consulting the Sentencing Guidelines policy statements; he additionally considered Wesley's need for rehabilitative drug treatment and recommended that he be enrolled in an intensive 500-hour program.

6

The judge's statements show his consideration of § 3553(a) factors, such as Wesley's history and characteristics, the need to provide the defendant with corrective treatment, and the need to comply with the policy statements of the Sentencing Commission.

Wesley's counsel argues that the sentence was plain error because its purpose of providing rehabilitation has been frustrated by his inability to enroll in the BOP's 500-hour intensive treatment program. He notes that other sentencing judges have conditioned a longer sentence upon the defendant's ability to enroll in intensive treatment. For example, Wesley cites Brown, where we affirmed the reasonableness of a sentence imposed with such conditions. Brown, however, does not stand for the proposition that a district judge must condition a sentence on a defendant's ability to enroll in a treatment program. Instead, Brown recognized that, when supervised release is revoked under the mandatory provisions of § 3583(g), a district judge need not consider § 3553(a) factors such as the need for corrective treatment. Brown, 224 F.3d at 1241. Consequently, there is no clear or binding precedent requiring a sentence to be reduced if a desired treatment program is found to be unavailable after the sentence has been imposed. Because an error is not "plain error" unless it is "'clear under current law,'" the failure to make Wesley's sentence conditional upon the availability of the rehabilitation

7

program was not plainly erroneous.  <u>Aguillard</u>, 217 F.3d at 1321 (citation omitted).

Moreover, there is no clear precedent requiring a court to consider local inpatient treatment as an alternative to imprisonment.  The district judge listened to Wesley's testimony regarding his struggle with marijuana addiction and noted that an exception to the mandatory revocation provisions was not warranted because of his continued marijuana use, despite his participation in a drug treatment program.  Therefore, the judge's refusal to provide for local inpatient treatment as an alternative to incarceration was not plainly erroneous.

### III. CONCLUSION

Wesley has appealed his 36-month sentence imposed following revocation of his supervised release.  Because Wesley's sentence was within the statutory maximum term and was imposed after consideration of the factors set forth in § 3553(a), it was not plainly erroneous.  Accordingly, his 36-month sentence imposed pursuant to revocation of his supervised release is **AFFIRMED.**