[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-11270
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 29, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00025-CR-WCO-03-2

UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

                              versus

JAMAR YOUNG,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(November 29, 2006)**

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

    Jamar Young appeals his convictions and 300-month sentence for conspiring

to distribute and distributing cocaine base in violation of 21 U.S.C. §§ 841 and

846. He raises three issues on appeal. First, he contends that the evidence presented at trial was insufficient to establish that he was a co-conspirator in a plan to distribute cocaine base. Second, he contends that the district court should have postponed his sentencing to investigate the possibility that a government witness was incompetent. And third, he contends that the district court improperly failed to consider studies suggesting that powder and crack cocaine should be treated equally for sentencing purposes. We affirm.

Young's first contention that the evidence against him was insufficient to support his conviction lacks merit. We review de novo the sufficiency of evidence, viewing the evidence in the light most favorable to the government, to determine whether a reasonable jury could conclude that the defendant was guilty beyond a reasonable doubt. United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000). The jury is given wide latitude to determine whether a government witness is credible, and its determination will not be overturned unless it is "unbelievable on its face." United States v. Rivera, 775 F.2d 1559, 1561 (11th Cir. 1985) (internal citations omitted).

To convict Young of conspiring to distribute crack cocaine, the government must have proven beyond a reasonable doubt that: (1) a conspiracy existed; (2) Young knew the essential objectives of the conspiracy; and (3) he voluntarily and

knowingly participated in the conspiracy.  See United States v. Harris, 20 F.3d 445, 452 (11th Cir. 1994).  Mere association with criminals is insufficient to establish that a person participated in a conspiracy.  United States v. Newton, 44 F.3d 913, 922 (11th Cir. 1994).

Young contends that trial testimony against him showed only his "mere presence" in a van containing drugs.  He argues that the other person in the van, Mike Mayweather, was the only person selling drugs.  At trial a DEA agent testified that he arranged by phone to purchase crack cocaine from Mayweather.  When the agent went to execute the sale, Mayweather was in a van with another unidentified black male.  Mayweather exited the van and got into the agent's car.  They drove off together to another location, and the van followed them.  According to the agent, when they stopped, Mayweather got out of the car, went to back to the van, and returned with crack cocaine and digital scales.

Mayweather, who became a cooperating witness against Young, testified that although he owned the van, Young had driven it the day he sold drugs to the DEA agent.  According to Mayweather, before selling the drugs to the DEA agent, Young had driven the van to a place where Young was storing drugs.  At that place he loaded the van with crack and then reunited with Mayweather.  Later that day, Mayweather sold some of the crack to the DEA agent.  Mayweather also testified

3

that Young had previously supplied him with drugs for sale and for personal use.

Another DEA agent testified that he was conducting "roving surveillance" during the drug sale between Mayweather and the other agent. In his testimony he said that before the sale occurred, he saw Young driving a van matching the description of the van Mayweather was in when he carried out the sale. And another witness, Marcus Hale, also testified that Young had supplied him with crack cocaine for sale on previous occasions.

The testimony of those four witnesses was sufficient to establish that Young had conspired with Mayweather to sell cocaine base. The jury was entitled to credit that testimony and find beyond a reasonable doubt that Young was guilty.

The second issue Young raises on appeal is that the testimony of government witness Marcus Hale may have been incompetent. Young learned of Hale's potential incompetency when Hale raised the issue at his own sentencing hearing, which was held on the same day as Young's. Young contends that since Hale testified at his trial, Hale's testimony impacted both the jury's verdict and the length of his sentence. He argues that the district court should have postponed his sentencing or initiated further investigations to find out his failure to know of Hale's alleged "diminished capacity" before Hale testified against Young had deprived him of his due process rights.

Young raised this issue for the first time at his sentencing hearing. At that hearing Young mentioned the potential problem with Hale's competency to the district court, but he did not ask the court to act on the issue. Hale simply stated that he was mentioning it "to make a record . . . in the event that this case is appealed" so that the "additionally discovered evidence would provide an additional grounds for a new trial." He made no more mention of the issue during the hearing and no further evidence of Hale's competency appears in the record. He now asks this Court to remand his case to the district court to determine whether Hale's alleged incompetency should have been treated as a mitigating factor during Young's sentencing hearing. The government responds that the district court made no appealable rulings on the matter and that Young failed to request any specific relief from the district court. Additionally, the government argues that Young has shown no prejudice because the other evidence it offered was sufficient to convict him. The government is right.

Young did not properly preserve the issue for review on appeal. Therefore, we review the issue only for plain error. See United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). Under the plain error standard, Young "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." Id.

5

To show that the error affected his substantial rights, Young must show that there is a reasonable probability that the outcome of the district court proceedings would have been different if evidence of Hale's incompetence had been presented to the district court. United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005) (internal quotations and citations omitted), cert. denied, 545 U.S. 1127, 125 S. Ct. 2935 (2005).

Young has failed to satisfy the plain error test. He has not shown any error, much less a plain one. He simply asserts that a government witness may have exhibited "diminished capacity to testify." And regarding his substantial rights, there is no persuasive evidence that the witness was incompetent or that any incompetence affected the result. Therefore, the district court did not plainly err by handing down Young's sentence at the sentencing hearing.

Young also argues that his attorney's failure to file a motion for a new trial after learning of Hale's alleged incompetency constitutes ineffective assistance of counsel. "We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." United States v. Khoury, 901 F.2d 948, 969 (11th Cir. 1990), modified on other grounds, 910 F.2d 713 (11th Cir. 1990). Because there is an insufficient factual record on this issue, we decline to address that claim

6

without prejudice to Young's raising it later.

The third issue raised by Young is one bemoaned throughout the federal criminal defense bar:  Young contends that the district court improperly failed to consider studies suggesting that powder and base cocaine should be treated equally for sentencing purposes.  Because the issue of the sentencing disparity between powder and base cocaine was not raised below, we review only for plain error.  See Gresham, 325 F.3d at 1265.  An error cannot be plain unless the error is "clear under current law." United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000).  We recently held that a court may not second guess Congress' decision to maintain the sentencing disparity between base and power cocaine because Congress has considered and rejected proposals to reform the statutes to treat the two drugs equally.  United States v. Williams, 456 F.3d 1353, 1364–66 (11th Cir. 2006).  Hence, the district court did not plainly err in failing to address that disparity in sentencing Young.  Accordingly, we affirm Young's convictions and his sentence.

**AFFIRMED.**