[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12086
Non-Argument Calendar

_____

D. C. Docket No. 07-00091-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN F. COLBERT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(December 8, 2008)**

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Benjamin Colbert appeals from his 30-month sentence for making a false

statement to obtain federal employees' compensation in violation of 18 U.S.C. § 1920. He argues (1) that his sentence was unreasonable and (2) that, since the sentence was higher than the advisory Guidelines range, the district court erred in failing to notify him before imposing it. After thorough review, we affirm.

Generally, we review a sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)). In reviewing sentences for reasonableness, we perform two steps. Id. at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 128 S. Ct. 586, 597 (2007)).[1] If we conclude that

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 128 S. Ct. at 597). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (internal quotation omitted). We review constitutional challenges to a sentence de novo, and will reverse only upon a finding of harmful error. United States v. Pope, 461 F.3d 1331, 1333-34 (11th Cir. 2006).

We first reject Colbert's contention that his 30-month sentence was unreasonable because the district court ignored substantial mitigating factors (including his physical and mental impairments, lack of criminal history, prior work record, limited financial resources, and serious stress caused by his employment for the United States Postal Service), and postponed his ability to make substantial payments toward restitution. The record shows that the court considered the PSI, which detailed Colbert's work history, his physical and mental health, as well as his intentional misrepresentation of his physical condition while he continued to receive monthly disability checks. The district court further considered the parties' arguments, witnesses' statements, and Colbert's own

3

admission of intentional wrongdoing. Additionally, the district court considered the recommended Guidelines range and explicitly cited the § 3553(a) factors. As for the mitigating factor of workplace stress, Colbert offered no evidence of ever having experienced hostile conditions as a postal employee. Under these circumstances, the sentence imposed by the district court was eminently reasonable.

We similarly reject Colbert's claim that the district court erred in failing to give him notice of its intent to deviate from the Guidelines range. Colbert argues that fundamental fairness dictates that a defendant be given prior notice where the district court imposes a sentence double or triple that of the Guidelines range. This argument is without merit. The Supreme Court has squarely held that when a district court imposes a sentence above the advisory Guidelines range based on the § 3553(a) factors, it is unnecessary to provide defendants with advance notice under Federal Rule of Criminal Procedure 32(h). Irizarry v. United States, 553 U.S. __, 128 S. Ct. 2198, 2202-03, 171 L.Ed. 2d 28 (2008).[2]

---

[2] It is true that the Supreme Court's holding in Irizarry applies only to variances and not departures. Despite the fact that Colbert characterizes his sentence as a "departure," however, it was in fact a variance and thus is controlled by Irizarry. In this Court's decision in United States v. Irizarry, 458 F.3d 1208 (11th Cir. 2006), we determined that an above-guidelines sentence imposed by a district court was a variance (as opposed to a departure) where the district court exercised its discretion to impose a reasonable sentence outside the correctly calculated Sentencing Guidelines range based on its consideration of the § 3553(a) factors. Id. at 1211-12. Here, the district court specifically stated that it would impose a sentence greater than the Guidelines range "in order to reflect the seriousness of the offense, to promote respect for the

Colbert also complains that he was given no notice that the government would introduce negative comments made by his former supervisor, and that, consequently, he was deprived of the opportunity to produce evidence of his prior work relationship with his supervisor and the management practices at the Postal Service. Even assuming that the district court erred in failing to notify Colbert that his supervisor would testify, we conclude that the error was harmless beyond a reasonable doubt. Pope, 461 F.3d at 1333-34.[3] His supervisor's testimony -- which amounted to less than one page of the hearing transcript -- addressed the issues of Colbert's conduct and workplace attitude. But Colbert had presented evidence regarding these issues even before his supervisor testified, as part of his contention that the Postal Service's abusive management practices should be considered a mitigating factor in determining his punishment. Indeed, Colbert produced character witnesses who specifically commended his work ethic. Moreover, Colbert could easily have requested a continuance at the sentencing but

---

law, and to provide just punishment for the offense, pursuant to 18 United States Code, Section 3553(a)." (emphasis added). Colbert's sentence was therefore a variance, not a departure, and thus, under Irizarry, he was not entitled to notice.

[3] Indeed, there is some question whether Colbert sufficiently raised this objection in the district court, in which case our review would be only for plain error. Under plain error review, the appellant must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). Because we hold that any error here was harmless, it follows a fortiori that Colbert's claim would not survive plain error review.

did not do so.  Accordingly, we affirm Colbert's sentence.

**AFFIRMED**.