[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 1, 2008
THOMAS K. KAHN
CLERK

No. 08-13416
Non-Argument Calendar

_____

D. C. Docket Nos. 98-00286-CR-PAS,
98-00288-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES VINCENT DELEVEAUX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 1, 2008)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

James Vincent Deleveaux appeals his three concurrent 13-month sentences imposed upon revocation of his supervised release.[1] Deleveaux argues for the first time that the district court failed to consider the availability of appropriate substance abuse treatment programs as an alternative to incarceration.[2] After review, we affirm.

Under 18 U.S.C. § 3583(g), the district court must revoke the term of supervised release if, among other things, the defendant possesses a controlled substance in violation of the conditions of supervised release, refuses to comply with drug testing or tests positive for an illegal controlled substance more than three times over the course of one year. 18 U.S.C. § 3583(g)(1). When a defendant fails a drug test, the court must "consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception" to the otherwise mandatory revocation. Id. § 3583(d).

The district court found that Deleveaux failed to submit to drug testing on

_____

[1]Deleveaux commenced supervised release on August 26, 2005 for three separate criminal convictions. Following revocation, the district court imposed concurrent 13-month sentences for all three cases.

[2]Where, as here, a defendant objects to the district court's compliance with 18 U.S.C. § 3583 for the first time on appeal, we review only for plain error. See United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). "Under the plain error standard, a defendant must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." Id.

February 1, 2008 and failed drug tests on February 25 and March 10, 2008. Thus, the district court was required to revoke Deleveaux's supervised release term unless the district court concluded that an available substance abuse program or Deleveaux's past or current participation in such a program warranted an exception.

After reviewing the record as a whole, we find no plain error as to the district court's obligations under 18 U.S.C. § 3583. Contrary to Deleveaux's assertion, the court considered Deleveaux's drug addiction and possibility of drug treatment programs when determining its sentence. When announcing its sentence, the district court stated that it had considered Deleveaux's testimony and the statements of all the parties. During the hearing, Deleveaux, the probation officers, and the government advised the district court of Deleveaux's drug addiction, his past failures to comply with and progress through drug treatment programs and testing,[3] his refusal to participate in a 90-day residential treatment program after his February 25th positive drug test and the unlikelihood of drug treatment addressing Deleveaux's issues. Based on this evidence, the district court stated that it knew of

---

[3]The terms of Deleveaux's supervised release had been modified to include 90 days of home detention electronic monitoring in August 2006 after Deleveaux failed to participate in an approved drug treatment program and to submit to drug testing and again in November 2006 for use of illegal drugs. In 2007, the district court imposed a 5½ month sentence, followed by 48 months of supervised release for, inter alia, failing to submit to drug testing.

3

nothing further it could do except impose incarceration as a way of ensuring Deleveaux understood that his poor choices had consequences.

Although the district court did not refer explicitly to drug treatment programs as an alternative to incarceration, its statements taken as a whole indicate a consideration and rejection of this option. See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (explaining that the district court's consideration of the guidelines relating to revocation of supervised release need not be explicit and that it is sufficient if there is some indication in the record that the district court was aware of and considered them). Furthermore, neither we nor the Supreme Court has required a district court's consideration of drug treatment programs under § 3583(d) to be explicit. See id. at 1321 (stating that an error is not "plain" unless it is "clear under current law"). Accordingly, the district court did not commit plain error in imposing the 13-month sentence.

**AFFIRMED.**