[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15011
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 25, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00020-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JAQUEZ-JAQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(February 25, 2009)

Before DUBINA, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellant Jose Jaquez-Jaquez ("Jaquez") pled guilty to one count of illegally

entering the United States after removal, a violation of 8 U.S.C. §§ 1326(a) and (b). The district court sentenced him to 42 months' imprisonment. He appeals, arguing that his sentence exceeds the Guideline recommendation by five months.

Specifically, Jaquez argues that the district court was unreasonable in imposing a sentence outside of the Guideline range because: (1) the Sentencing Commission has already addressed the court's concerns regarding the § 3553(a) factors through the applicable Guideline range; and (2) no factors in the record exist that would support an upward "departure"[1] based on the commentary of U.S.S.G. § 4A1.1-4A1.3.

The Supreme Court has held that sentences must be reviewed for unreasonableness. *United States v. Booker*, 543 U.S. 220, 261–62, 125 S. Ct. 738, 765–66, 160 L. Ed. 2d 621 (2005). However, when a defendant raises an issue on appeal that was not raised before the district court, as did Jaquez, this court must review for plain error. *See* Fed.R.Crim.P. 52(b). Under the plain error standard, Jaquez must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir.

---

[1]Although Jaquez refers to the district court's sentence as an upward departure, the court explained that it is an upward variance based on the § 3553(a) factors. *See United States v. Irizarry*, 458 F.3d 1208, 1211-1212 (11th Cir. 2006).

2003).

The sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable Guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

We have not squarely decided whether the district court can base an upward variant sentence on factors already accounted for in the Guideline range. Assuming arguendo that the district court should not consider § 3553(a) factors already accounted for in the Guidelines, we conclude from the record here that the district court did not consider the same factors twice when sentencing Jaquez. Rather, in imposing an upward variance to the Guideline range, the district court

3

discussed its concern with Jaquez's recidivism, "egregious misconduct" that included burglarizing multiple churches, and the failure of past punishments to deter his future criminal behavior. The district court also considered Jaquez's "absolute disdain for any authority of the United States government in protection of its borders." Based on the foregoing, we conclude that the district court did not commit plain error in sentencing Jaquez. Accordingly, we affirm Jaquez's sentence.

**AFFIRMED.**