[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13319
Non-Argument Calendar

_____

D. C. Docket No. 07-00077-CR-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONSLOW D. ROSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 16, 2009)

Before EDMONDSON, Chief Judge, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Onslow D. Ross appeals his convictions for bank fraud and money laundering, in violation of 18 U.S.C. §§ 1344, 1956(a)(1)(B)(i), and 1957. No reversible error has been shown; we affirm.

On appeal, Ross challenges three of the district court's instructions to the jury. We review these challenges for plain error because Ross did not object at trial. United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). Under plain-error analysis, Ross must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." Id.

At trial, Ross testified in his own defense and introduced evidence about his criminal history. The government brought out on cross-examination that Ross previously had been convicted of theft by deception, theft by taking, forgery, and financial transaction card fraud. On appeal, Ross argues that the district court erred by not sua sponte giving the jury a limiting instruction (as specified in Suggested Pattern Jury Instruction 6.4) stating that the use of his prior convictions and uncharged misconduct could be used only in evaluating his credibility and not as evidence of his guilt on the instant charges.

Here, the district court explained to the jury that (1) a witness's conviction

2

of a felony offense or a crime involving dishonesty or false statement could factor into assessing the credibility of that witness, and that (2) when a defendant testifies, the jury must decide "in the same way as that of any other witness" whether to believe the testimony presented. The court also instructed the jury that Ross was on trial only for the crimes charged in the indictment and that his guilt or innocence could be determined only from the evidence presented. We discern no error, plain or otherwise, in the district court's instruction because the court properly limited the jury to considering Ross's prior convictions only for the purpose of assessing his credibility. That the district court did not follow the exact language of a suggested pattern jury instruction does not -- as Ross suggests -- establish plain error: the pattern instructions are not, in themselves, law.

Relying on United States v. Santos, 128 S.Ct. 2020 (2008), Ross asserts that the district court should have instructed the jury that "proceeds," as that term is used in the money-laundering statute, means "profits," not "receipts." But Santos was decided nearly three months after Ross's jury trial ended. Therefore, any error was not plain under current law; and we reject this argument. See United States v. Olano, 113 S.Ct. 1770, 1777 (1993) (explaining that, to establish that an error was plain, appellant must show that the error was "plain," "clear," or "obvious" under current law).

Ross next argues that the district court violated Fed.R.Crim.P. 24(c)(3) by failing to instruct the jury -- when an alternate juror replaced a sick juror after deliberations began -- that it was to begin deliberations anew. We reject Ross's argument. Rule 24(c)(3) requires a court to instruct a jury to begin its deliberations "anew" when an alternate juror replaces a juror. Here, the district court instructed the jury that, when the alternate juror replaced a juror after deliberations began, it was to begin deliberations again; and because the jury had to be unanimous in its decision, they had to engage the new juror in their deliberations. This instruction complied sufficiently with Rule 24(c)(3); that the district court did not use the exact word "anew" establishes no error as the instruction given adequately explained the procedures the jurors were to follow.[*]

After the jury reached their verdict, the district court asked the jury if they had signed the verdict form and if the verdict was their own. Each juror replied affirmatively. Later, Ross approached the district court and stated that a juror mouthed to him that she had wanted to find him not guilty. The district court took no action on Ross's comment, noting the each juror had signed the verdict form and ensured that it was their verdict. Ross argues that the district court violated

_____

[*]Ross also contends that the court's instruction violated his constitutional rights. But the instruction is not mandated as a matter of constitutional right. See Peek v. Kemp, 784 F.2d 1479, 1484-85 (11th Cir. 1986) (habeas context).

4

Fed.R.Crim.P. 31(d) by not honoring his request for an individual poll of the jury after the verdict was published.

Rule 31(d) provides that "[a]fter a verdict is returned but before the jury is discharged, the court must on a party's request, or may on its own, poll the jurors individually." "[T]he form of jury polling is a matter entrusted to the sound discretion of the trial judge." United States v. O'Bryant, 775 F.2d 1528, 1535 (11th Cir. 1985). Absent expression of uncertainty about the verdict by one or more of the jurors, no abuse of discretion occurs by refusing to poll the jury a second time. Id. at 1536-36.

The court had discretion to determine whether Ross's claim -- that he thought a juror had mouthed to him that she wanted to find him not guilty -- was sufficient to establish a juror's expression of uncertainty about the verdict. Given that the court already had polled the jury to ensure that the verdict was each juror's own, that Ross did not clearly request the court to re-poll the jury, and that Ross presented only his speculation and no evidence to support his allegation, we discern no abuse on this record.

AFFIRMED.