[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 14, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15080
Non-Argument Calendar

_____

D. C. Docket No. 08-00089-CR-ORL-28DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE LOUIS WARREN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 14, 2009)

Before DUBINA, Chief Judge, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Joe Louis Warren, Jr. appeals his conviction for possession of counterfeit currency, in violation of 18 U.S.C. § 472. No reversible error has been shown; we affirm.

On appeal, Warren argues that the district court abused its discretion when it denied his motion to exclude evidence (tape-recorded conversations between Warren and co-defendant Antonio Bernabe) that the government provided late, in violation of the court's scheduling order and Fed.R.Crim.P. 16. We will not reverse a conviction based on a discovery violation unless defendant demonstrates that the violation prejudiced his substantial rights: that he unduly was surprised and did not have an adequate opportunity to prepare a defense or that the mistake had a substantial influence on the jury. United States v. Rivera, 944 F.2d 1563, 1566 (11th Cir. 1991).

Here, the United States Secret Service (USSS) gave the government the additional recording approximately one month after the discovery deadline and a week before trial; and the government gave the recording to Warren the same day. It explained that its failure to disclose timely the recording was caused by the USSS's inadvertence in omitting this recording from the others it had timely provided. Warren fails to explain how this late disclosure prejudiced his ability to

present a defense. In fact, when the court asked Warren if he needed extra time to prepare for trial or if he was at a disadvantage because of the late discovery, Warren replied that he still was prepared to go to trial. On this record, we conclude that Warren made no adequate showing of prejudice. See United States v. Camargo-Vergara, 57 F.3d 993, 999 (11th Cir. 1995) ("the purpose of rule 16 is to protect a defendant's right to a fair trial rather than to punish the government's non-compliance").[1]

Warren also challenges the district court's refusal to strike a juror who belatedly disclosed information about her son's DUI conviction. Warren contends the court's refusal to remove the juror prevented him from receiving a fair and impartial trial and, had the information been disclosed during jury selection, he would have exercised a challenge against the juror. We review a district court's decision on whether to remove a sitting juror for abuse of discretion. United States v. Register, 182 F.3d 820, 839 (11th Cir. 1999). And "[t]he trial court's discretion in removing a juror 'is not to be disturbed absent a showing of bias or prejudice to the defendant . . . or to any other party.'" United States v. Fajardo, 787 F.2d 1523, 1525 (11th Cir. 1986) (citation omitted).

---

[1]Warren also characterizes the late disclosure of this evidence as a violation of Brady v. Maryland, 83 S.Ct. 1194 (1963). But a Brady violation requires suppression of exculpatory or impeachment evidence. And here, the government did not deprive Warren of this evidence; it simply disclosed it late.

Here, although the juror disclosed her son's prior DUI conviction after voir dire, the juror stated expressly that her son's experience would not interfere with her ability to be a fair and impartial juror. In addition, certain jurors admitted during voir dire to having DUI and drug convictions; but Warren exercised no challenges against these jurors. And a DUI conviction was unrelated to the charge for which Warren was on trial. Therefore, we discern no bias or prejudice that warranted the juror's removal; and the court abused no discretion.

Warren next argues that the district court erred when it refused to exclude the testimony of USSS agent Roy Dotson about his identification of the counterfeit currency because Dotson was not qualified to testify as an expert. Because Warren did not object contemporaneously to the admission of Dotson's testimony, we review this claim only for plain error. United States v. Mendez, 117 F.3d 480, 485 (11th Cir. 1997).[2]

> Under Fed.R.Evid. 702, if
>
> specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is

---

[2]Under plain-error analysis, Warren must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The trial judge is responsible for ensuring that an expert's testimony rests both on a reliable foundation and is relevant to the task at hand. Daubert v. Merrell Dow Pharms., Inc., 113 S.Ct. 2786, 2795 (1993).

Warren has shown no error here. Dotson -- who had worked for the USSS for five years investigating crimes involving possessing and passing counterfeit currency and had received extensive training and experience in identifying counterfeit currency -- explained in detail the methods he used in determining that the currency at issue was counterfeit. In part, he compared the currency he discovered in Bernabe's car with genuine currency and noted differences in texture, color, and printing features. Dotson's experience and training qualified him to give his opinion about the currency; and his testimony was both relevant and reliable for the district court to allow its admission.

Finally, Warren argues that insufficient evidence existed to convict him and, thus, the district court erred in denying his motion for judgment of acquittal. We review de novo the denial of a motion for judgment of acquittal based on sufficiency grounds, drawing all reasonable inferences in the government's favor. United States v. Evans, 473 F.3d 1115, 1118 (11th Cir. 2006).

To support a conviction under 18 U.S.C. § 472, the government must prove

(1) that the defendant passed or possessed counterfeit currency and (2) that he did so with the intent to defraud. United States v. Guida, 792 F.2d 1087, 1095 (11th Cir. 1986). To prove intent, the government must show that defendant knew the currency was counterfeit. Id. The government can prove intent through circumstantial evidence and "[s]urrounding circumstances may supply inferences of knowledge which adequately prove intent." Id. (citation omitted).

Here, co-defendant Bernabe testified (1) that Mel (the person identified as the source of the counterfeit currency) brought Warren $20,000 in counterfeit notes at the hotel Warren and Bernabe shared, (2) that Warren said he paid for the notes, at least in part, with crack cocaine, and (3) that, at Warren's urging, he and Warren tried to sell the counterfeit currency, but were unable to do so. And Dotson testified that Warren admitted to him that Mel brought Warren the counterfeit currency and that Warren and Bernabe were supposed to sell it and pay Mel back in real currency. Thus, through the testimonies of Bernabe and Dotson, the government provided sufficient evidence for a reasonable jury to conclude that Warren possessed the counterfeit currency with fraudulent intent.

AFFIRMED.