[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2010
JOHN LEY
CLERK

No. 09-15873
Non-Argument Calendar
_____

D. C. Docket No. 04-20536-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSVALDO PIEDRA,
a.k.a. Bolly,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 29, 2010)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Osvaldo Piedra appeals the district court's imposition of a supervised release term. Piedra argues that when he completes his prison term, he will have served the two-year statutory maximum term of imprisonment for supervised release violations, and therefore the district court erred by imposing an additional supervised release term under 18 U.S.C. § 3583(h) (2002). Because we agree, we vacate and remand the sentence imposed.

In 2004, Piedra pleaded guilty to a single count of money laundering that occurred from May 1998 through November 2002, in violation of 18 U.S.C. § 1956(h). He was sentenced to 29 months' imprisonment followed by 3 years of supervised release.

Piedra violated the terms of his release and, in 2008, the district court held a supervised release revocation hearing, revoked Piedra's supervised release, and sentenced him to 12 months and 1 day incarceration, followed by 24 months of supervised release. In 2009, the district court held another supervised release revocation hearing. Piedra admitted violating the terms of his second release and requested that the court sentence him to the high end of the 4-to-10-month sentencing range and terminate his supervised release due to his alcohol problem.

The probation officer advised the court that the maximum possible imprisonment term was 11 months and 29 days, which was the statutory maximum

of 24 months minus the 12 months and 1 day incarceration that Piedra had received for his previous supervised release violation. The probation officer also advised the court that the maximum supervised release term was 36 months minus any incarceration time the court imposed here. The district court sentenced Piedra to 11 months and 29 days imprisonment, followed by 24 months of supervised release, explaining that it sentenced Piedra above the guideline range "because of his history, because of his total disregard of his prior opportunities to be in compliance [with] this Court's orders." Piedra objected to the reasonableness of his sentence but did not mention the additional supervised release. He now appeals.

We review *de novo* the legality of a sentence imposed pursuant to revocation of a supervised release term. *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007). Because Piedra did not challenge the term of supervised release imposed, we review for plain error. To demonstrate plain error, Piedra "must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).

Section 3583 of Title 18 governs the imposition of a new term of supervised release following the revocation of a prior term.[1]  Section 3583(e)(3) provides that:

> [t]he court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . except that a defendant whose term is revoked under this paragraph may not be required to serve . . . more than 2 years in prison if such offense is a Class C or D felony . . .

18 U.S.C. § 3583(e)(3) (2002).  The charged conspiracy to launder money, 18 U.S.C. 1956(h), is a Class C felony.  *See* 18 U.S.C. § 1956(a)(1) and (h); 18 U.S.C. § 3559(a)(3).  Thus, two years is the maximum statutory imprisonment term for Piedra's supervised release violations.

Section 3583(h) limits the maximum term of supervised release imposed upon revocation to "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of

---

[1]  Post-revocation penalties for violations of supervised release are attributable to the offense conduct underlying the original conviction. *Johnson v. United States*, 529 U.S. 694, 701 (2000). Piedra committed the relevant offense between May 1998 and November 2002; therefore, we apply the 2002 version of § 3583 because the supervised release statute in effect at the time of the original offense controls the penalties that may be imposed for violations of supervised release. *Id.*

imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h) (2002).[2] "[T]he maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation." *Mazarky*, 499 F.3d at 1250. As this court has explained:

> in the case of a Class C felony for which the maximum supervised release term is three years, a defendant who is revoked and re-imprisoned for 18 months could be ordered to serve as much as 18 additional months on supervised release (36-month maximum term of supervised release minus 18 months imprisonment equals 18 months possible re-release supervision). If the same defendant was again revoked, he could be re-imprisoned for not exceeding six months (24-month cap minus 18 months previously-served imprisonment equals 6 months allowable imprisonment) and if so imprisoned, could not thereafter be placed on supervision (because the two-year imprisonment cap would have been reached). *Thus, under [subsection (h),] a defendant would always be credited for incarceration time*

---

[2] The full text of 18 U.S.C. § 3583(h) (2002) provides that:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

5

> *against both the cap on re-imprisonment and the maximum*
> *authorized period of supervised release.*

*Mazarky*, 499 F.3d at 1249 (citation omitted) (emphasis in original).

Here, as the government concedes, the district court plainly erred in imposing an additional term of supervised release. Because 18 U.S.C. § 1956(h) is a Class C felony, Piedra could not serve more than two years imprisonment for his supervised release violations. *See* 18 U.S.C. 3583(e)(3). In aggregate, Piedra served the 2-year statutory maximum imprisonment term – he served 12 months and 1 day incarceration for the first revocation and 11 months and 29 days for the second revocation. Thus, the district court properly applied the requirement in § 3583(h) that any term of imprisonment imposed pursuant to revocation be subtracted from the statutorily authorized term of supervised release. But the district court failed to recognize that § 3583(h) prohibits the imposition of any additional supervised release term, where the defendant, as here, has served the statutory maximum imprisonment term for violating his supervised release. *See Mazarky*, 499 F.3d at 1249-50.

Because the court imposed an illegal supervised release term, the district court erred, this error was plain, and it affected Piedra's substantial rights. Moreover, the error seriously affected the fairness of Piedra's sentencing

proceedings. *See Gresham*, 325 F.3d at 1265. Thus, we vacate the district court's judgment insofar as it imposed the additional term of supervised release and remand with instructions for the district court to re-sentence Piedra accordingly.[3]

**SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS.**

---

[3] Although Piedra objected to the reasonableness of his sentence before the district court, he presents no arguments on appeal that his sentence was unreasonable. Accordingly, Piedra has abandoned any claim that his sentence was unreasonable. *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).