[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14964
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 97-00019-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY WIMBERLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 17, 2010)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Terry Wimberly appeals his 36 month sentence imposed upon the revocation

of his supervised release pursuant to 18 U.S.C. § 3583(e)(3). Wimberly argues that his sentence: (1) is procedurally unreasonable because the district court failed to consider all of the 18 U.S.C. § 3553(a) factors, and (2) substantively unreasonable because it was overly harsh and unnecessarily imposed to run consecutive to a 120 month sentence that he is serving in the Northern District of Illinois. Upon review of the record and consideration of the parties' briefs, we affirm.

## I. BACKGROUND

On August 26, 1997, Wimberly pleaded guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).[1] Wimberly was originally sentenced to 96 months of imprisonment followed by 60 months of supervised release. The final sentence reflected a downward departure pursuant to the United States Sentencing Guidelines ("U.S.S.G"). U.S.S.G. § 5K1.1. On April 8, 2005, Wimberly began the supervised release portion of his sentence.

On April 17, 2008, Wimberly's probation officer filed a "Petition for Action on Supervised Release," charging Wimberly with four violations of the conditions of his supervised release. Doc. 267. Specifically, the petition alleged that Wimberly: (1) left the judicial district without permission, (2) associated with

---

[1] *See* 1998 Presentence Investigation Report ("PSI") at 1–2.

2

persons involved in criminal activity, (3) associated with a convicted felon, and (4) failed to refrain from violating the law. *Id.* According to the petition, on January 22, 2008, Wimberly committed a controlled-substance offense in the Northern District of Illinois. *Id.* An attorney was appointed to represent Wimberly, and a magistrate judge held a preliminary revocation hearing. Doc. 280.

Prior to Wimberly's final revocation hearing, the United States Probation Office prepared a Revocation Report restating the violations with which Wimberly was charged. It noted that, in 2006, Wimberly also violated the conditions of his supervised release by providing false information to a police officer, possessing a false identification document, and failing to carry a state driver's license. Consequently, the court modified the conditions of Wimberly's supervised release to include 40 hours of community service. Doc. 250. According to the Revocation Report, in January 2008, Drug Enforcement Administration officials arrested Wimberly in Illinois for conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine. For this offense, the court in the Northern District of Illinois sentenced Wimberly to 120 months of imprisonment followed by 5 years of supervised release.

The Revocation Report set out that, because one of Wimberly's violations

3

involved a controlled-substance offense punishable by a term of imprisonment exceeding one year, it was classified as a Grade A violation. U.S.S.G. § 7B1.1(a)(1), (b). Because Wimberly's criminal history category at the time of his original sentencing was VI, the probation officer calculated his advisory guideline range to be 33 to 41 months of imprisonment. U.S.S.G. § 7B1.4(a). However, the statutory maximum term of imprisonment was 36 months because Wimberly's original offense was a Class B felony, so Wimberly's final guideline range was 33 to 36 months of imprisonment, pursuant to U.S.S.G. § 7B1.4(b)(3)(A). *See* 18 U.S.C. § 3583(e)(3).

On September 1, 2009, the district court held Wimberly's revocation hearing. Doc. 294. The district court recounted the charged violations and confirmed Wimberly's understanding of them. *Id*. at 3–4. Wimberly stated that he did not contest any of the violations. The district court then concluded that the four violations occurred and revoked Wimberly's term of supervised release. *Id*. at 5. Wimberly requested that his revocation prison term run concurrently with his sentence in Illinois, pursuant to the district court's discretion under 18 U.S.C. §§ 3553(a) and 3584(b). *Id*. at 5–6. Wimberly argued that the ten-year sentence imposed by the Illinois district court was sufficient to fulfill the goals of 18 U.S.C. § 3553(a). *Id*. at 6.

4

The district court announced that it had taken the Sentencing Guidelines under advisement and determined that the advisory sentencing range was 33 to 36 months of imprisonment. *Id*. at 6. The district court noted that, by committing the violations, Wimberly "showed a complete disregard for [the] conditions [of his supervised release] and a complete lack of respect for the law." Doc. 294 at 7. The district court gave reasons why Wimberly's revocation sentence should run consecutive to his Illinois sentence. It explained that Wimberly was being separately punished for violating the conditions of his supervised release in order "to reflect the seriousness of the violation of supervised release, to promote respect for the law, and to provide just punishment for the offense and adequate deterrence for this conduct." *Id*. at 8. The district court also found that the sentence adequately addressed the totality of the circumstances and complied with the sentencing factors under 18 U.S.C. § 3553(a). *Id*. When prompted, Wimberly did not object to the sentence or the manner in which it was imposed. *Id*. at 9.

## II.  STANDARD OF REVIEW

Wimberly objects to the district court's decision to revoke his supervised release and impose sentence for the first time on appeal. Therefore, this issue is reviewed for plain error. *See United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). Under the plain error standard, Wimberly "must show that: (1) an error

5

occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Id*. (citation omitted).[2]

## III. DISCUSSION

If a district court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release," the district court may revoke a term of supervised release, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7), and impose a sentence of imprisonment for the violation. 18 U.S.C. § 3583(e)(3). The term imposed cannot exceed the statutory maximum, which is determined by the grade of the violation. *Id*. § 3583(e)(3).

Pursuant to 18 U.S.C. § 3584(a), "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ." When determining whether sentences are to run consecutively or concurrently, the district court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). In the context of revocation of a defendant's supervised release, the district court retains its

---

[2] Even if Wimberly had objected, he has not shown that his sentence was procedurally unreasonable. Furthermore, the sentence was substantively reasonable because the district court considered all of the relevant § 18 U.S.C. 3553(a) factors. Doc. 294 at 8–9.

discretion to impose a concurrent or a consecutive sentence. *United States v. Quinones* 136 F.3d 1293, 1295 (11th Cir. 1998) (per curiam).

After review of the record, we find that both of Wimberly's arguments have no merit because there was no error, plain or otherwise in the district court's revocation of Wimberly's supervised release. First, the plain language of 18 U.S.C. § 3583 entitled the district court to revoke Wimberly's supervised release if he violated a condition of his release. Additionally, the record reflects that Wimberly admitted to violating the conditions of his supervised release. Specifically, Wimberly stated that he did not contest any of the violations. Doc. 294 at 5. Consequently, the district court explained, and Wimberly indicated that he understood, that his failure to contest the violations constitute an admission that the violations occurred. *Id.*

Second, we reject Wimberly's contention that the district court committed plain error by imposing a 36 month sentence to run consecutive to a 120 month sentence that he is serving in the Northern District of Illinois. Whether the terms of Wimberly's sentence should run consecutive or concurrent remains a question entrusted to the district court's sound discretion pursuant to 18 U.S.C. § 3584.

## IV. CONCLUSION

We find that Wimberly's admission supported the district court's finding

7

that he violated the conditions of his supervised release by a preponderance of the evidence.  The district court did not err by revoking his supervised release and imposing a consecutive sentence.  Accordingly, we affirm.

**AFFIRMED.**