[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15274
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00139-KD-MU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LADERRICK DEAUNDREY HOPSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 30, 2019)

Before TJOFLAT, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

## I.

Laderrick Hopson appeals the District Court's application of a four-level enhancement to the base level of his offense under the Sentencing Guidelines. His appeal lacks merit. We therefore affirm.

## II.

Hopson is a convicted felon. Therefore, he is not permitted to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any [felon] . . . [to] possess . . . any firearm or ammunition . . . ."). In 2018, Hopson killed a man at a gas station using a firearm and ammunition. He plead guilty in federal court to one count of knowingly possessing ammunition by a prohibited person in violation of § 922(g)(1). The District Court applied a four-level enhancement to the base offense level for a § 922(g)(1) offense because he possessed the ammunition in connection with a felony—namely, homicide. *See* U.S.S.G. § 2K2.1(b)(6)(B) (a four-level enhancement applies if the defendant "used or possessed any firearm or ammunition in connection with another felony offense"). As a result, Hopson received a 71-month sentence.

However, in applying the sentencing enhancement, the District Court did not focus on Hopson's possession of *ammunition* in connection with the homicide, which was the basis for his guilty plea. Instead, it focused on Hopson's possession of the *firearm* used in the homicide, rather than that firearm's ammunition.

2

Hopson argues that the District Court erred by focusing on the firearm itself when it applied the enhancement because the basis of his guilty plea was the firearm's ammunition.[1]  We find no plain error in the District Court's focus on the firearm because (1) there was a direct and substantial connection between the firearm and the ammunition, and (2) there was overwhelming evidence that the firearm and ammunition were used in connection with the homicide.  Therefore, Hopson suffered no prejudice because he received the same sentence he would have received if the District Court had properly focused on the ammunition.  As such, we affirm the District Court.[2]

### III.

A sentencing challenge raised for the first time on appeal is reviewed for plain error.  *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005).  To establish plain error, an appellant must establish that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."  *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).

---

[1] Hopson presents this argument for the first time on appeal.

[2] The District Court stated that it would have imposed the 71-month sentence regardless of any Guidelines calculation error.  Therefore, Hopson had the burden of showing that his sentence was unreasonable in light of the record and the sentencing factors in 18 U.S.C. § 3553(a).  *United States v. Keene*, 470 F.3d 1347, 1350 (11th Cir. 2006).  Because he has not argued that his sentence was unreasonable on appeal, he has abandoned any argument on the issue.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (noting that ssues not raised "plainly and prominently" on appeal are abandoned).

The Sentencing Guidelines are clear that a four-level enhancement applies when the defendant possesses "*any* firearm *or* ammunition" in connection with another felony offense.  U.S.S.G. § 2K2.1(b)(6)(B) (emphasis added).  Here, the presentence report indicated that an unfired bullet was found where Hopson racked the slide of the firearm used in the homicide.  In other words, the firearm upon which the District Court focused physically ejected the ammunition—which was the basis for Hopson's guilty plea—at the scene of the crime.  Therefore, a substantial and direct relationship existed between the ammunition and the firearm upon which the District Court focused.  Moreover, the record overwhelmingly supports the conclusion that Hopson possessed both the firearm and the ammunition in connection with the homicide.  Therefore, any error the Court committed by focusing on the firearm was insignificant because Hopson's sentence would have remained the same if the Court had focused on the ammunition—the four-level enhancement would have remained appropriate, and therefore his sentence would not have changed.  As such, the Court's focus on the firearm did not affect Hopson's substantial rights because the allegedly erroneous focus caused him no prejudice.

For the foregoing reasons, the District Court did not plainly err when it focused on Hopson's possession of the firearm—rather than that firearm's

ammunition which was the basis of his guilty plea—in connection with the homicide.

**AFFIRMED.**