[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11065
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-00101-KD-N-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,


versus


HENRY CLIFFORD JOHNSON,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 6, 2020)

Before JORDAN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Henry Johnson appeals the 12-month term of supervised release that the district court imposed upon revocation of his supervised release. Johnson argues that his sentence exceeds the maximum term permitted by 18 U.S.C. § 3583. After careful review, we affirm.

Johnson pled guilty in 2006 to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). After serving a term of imprisonment for that offense—a Class C felony—he began a term of supervised release. A probation officer thereafter petitioned for the revocation of Johnson's supervised release, asserting that Johnson had violated the terms of his supervised release by testing positive for cocaine and being charged with first degree burglary, second degree burglary, and violating a domestic violence protective order.

Johnson waived his right to a revocation hearing and admitted the violations. The district court found that Johnson violated the terms of his supervised release in the manner asserted by the probation officer. The applicable guidelines range was 33 to 41 months, but the applicable statutory maximum sentence was 24 months under 18 U.S.C. § 3583(e)(3) (providing a mandatory maximum sentence of two years upon revocation of supervised release when the original offense of conviction was a Class C felony). The district court sentenced Johnson to 24

months' imprisonment, followed by a 12-month term of supervised release. Johnson did not object to his sentence. He now appeals.

On appeal, Johnson argues that the district court erred in sentencing him to 12 months of supervised release following his 24-month term of incarceration. He argues that under 18 U.S.C. § 3583(h) he may only be placed on supervised release following his sentence if his sentence is *less than* the two-year statutory maximum set forth in § 3583(e)(3). Since he was sentenced to the statutory maximum, he argues that an additional term of supervised release was prohibited.

Generally we review *de novo* the legality of a sentence imposed upon revocation of supervised release. *United States v. Cunningham*, 800 F.3d 1290, 1291 (11th Cir. 2015). Nevertheless, when an objection to a sentence imposed upon revocation of supervised release is raised for the first time on appeal, we review that objection only for plain error. *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). Under this standard, an appellant must establish a plain error that affected his substantial rights and seriously affected the fairness of the judicial proceedings. *Id.*

Post-imprisonment terms of supervised release are governed by 18 U.S.C. § 3583. Pursuant to this statute, a district court may revoke a term of supervised release and impose a new term of imprisonment if it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18

3

U.S.C. § 3583(e)(3). When a district court revokes a defendant's term of supervised release and imposes a term of imprisonment, generally it may also include a term of supervised release to follow the term of imprisonment. *Id.* § 3583(h).

Before 2003, subsection (h) provided for a term of supervised release only in cases where the term of imprisonment imposed upon revocation of supervised release was less than the maximum term authorized under subsection (e)(3). *See, e.g.*, 18 U.S.C. § 3583(h) (2000). In 2003, however, Congress amended subsection (h) by deleting the language that limited its application to cases where the sentence imposed upon revocation was below the statutory maximum. *See* Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, § 101, 117 Stat. 650, 651 (2003). Thus, under the current version of subsection (h), a term of supervised release may be imposed upon revocation so long as it does not exceed the maximum term of supervised release that is authorized for the defendant's original offense of conviction, "less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).

Johnson cannot show that the district court committed error, plain or otherwise. Johnson was sentenced under the current version of subsection (h), not the former version, which he cites in his brief. And the 12-month term of

4

supervised release the district court imposed was not greater than the difference between the maximum supervised-release term permitted for Johnson's original offense (36 months, pursuant to § 3583(b)(2)) and the length of the sentence imposed upon revocation of supervised release (24 months). *See id.* Thus, although Johnson received the statutory maximum term of imprisonment under § 3583(e)(3), the district court was authorized under § 3583(h) to impose a 12-month term of supervised release to follow. We affirm.

**AFFIRMED.**