[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13455
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00115-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME LEE,
a.k.a. Jermore Lee,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 31, 2020)

Before WILSON, WILLIAM PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Jerome Lee, a federal prisoner, appeals his conviction for carrying a firearm "during and in relation to" a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). Lee argues that the district court erred and abused its discretion when it accepted his guilty plea because the facts admitted in the factual proffer were not sufficient to support a conviction for possession of a firearm "during and in relation to" a drug trafficking offense. *See* 18 U.S.C. § 924(c)(1)(A). For the following reasons, we affirm.

To start, we review for plain error. *See* 11th Cir. R. 3-1.[1] Under plain error review, Lee must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). "[A]t least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no

---

[1] Normally, when a defendant does not object to a magistrate judge's findings or recommendations in a report and recommendation (R&R) per 28 U.S.C. § 636(b)(1), he "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1. "In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *Id.* Here, Lee did not object to the R&R. But it appears that he only got a 24-hours window, even though 28 U.S.C. § 636(b)(1) provides a 14-day time period for parties to file objections. So plain error review is necessary in the interests of justice here. *See* 11th Cir. R. 3-1; *see also United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015) ("We exercise plain error review sparingly, and only in those circumstances in which a miscarriage of justice would otherwise result." (internal quotation mark omitted)). In any event, Lee failed to make his insufficient-factual-basis objection in the district court; in that case too, we review for plain error. *See United States v. Rodriguez*, 751 F.3d 1244, 1251 (11th Cir. 2014).

precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam).

Section 924(c) provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during and in relation to, or possesses a firearm in furtherance of, a drug trafficking crime. 18 U.S.C. § 924(c)(1). The Supreme Court has held that, in the context of § 924(c), the phrase "'in relation to' . . . clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United States*, 508 U.S. 223, 238 (1993). "Instead, the gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense." *Id.* (alterations adopted) (internal quotation marks omitted).

Following *Smith*, we held that (1) when a firearm is sold with drugs, the "during" element is satisfied; and (2) even if a firearm sold with drugs did not facilitate the drug offense, the firearm by its nature had the "potential of facilitating" the offense so as to satisfy the "in relation to" element. *United States v. Timmons*, 283 F.3d 1246, 1251–52 (11th Cir. 2002). In *Timmons*, the defendant pre-arranged a sale of firearms and drugs with an undercover officer. *Id.* at 1248. They completed the sale later that day when they exchanged a shoe box containing a firearm and drugs for $300 for the firearm and $200 for the drugs. *Id.* at 1248–49. We concluded that the evidence showed that the gun was not there

3

"coincidentally," nor was it "entirely unrelated" to the crime. *Id.* at 1251. We reasoned that "it would flout the purpose of the statute[—to combat the dangerous combination of drugs and guns—]to hold anything but that the gun was carried 'during and in relation' to the drug offense" because the defendant combined the drugs and firearm into a single shoebox and a single transaction. *Id.* at 1251–52.

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Normally, when evaluating a claim that there was an insufficient factual basis for a plea, we ask "whether the district court was presented with evidence from which it could reasonably find that the defendant was guilty." *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1287 (11th Cir. 2015) (alteration adopted). But, as explained earlier, we are reviewing only for plain error.

Here, Lee admitted to (1) arranging to sell the undercover agent a firearm and methamphetamine in a single transaction; (2) meeting the agent and the confidential informant; (3) driving with them to two different locations where he retrieved a loaded firearm and one-half ounce of methamphetamine; and (4) after picking up the firearm and drugs, giving the agent both items and accepting $500 in cash to cover both items. At bottom, Lee fails to point to any on-point precedent establishing that it was error for the district court to accept his guilty plea under these facts. On the contrary—Lee's facts fall squarely within the bounds of

4

§ 924(c)(1)(A).  *See Timmons*, 283 F.3d at 1248–52.  And his insistence that he did not possess the firearm "in furtherance of" the drug offense is inapposite because, for one, as he acknowledges in his brief, he was charged with carrying a firearm during and in relation to a drug offense and, two, § 924(c)(1)(A) uses the disjunctive.  Therefore, the district court did not plainly err, and we affirm.

**AFFIRMED.**