[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10585
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:05-cr-00256-ODE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEE CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 9, 2011)

Before EDMONDSON, CARNES and FAY, Circuit Judges.

PER CURIAM:

Robert Clark appeals the district court's revocation of his supervised release from prison based on his commission of a new criminal offense. He contends that the district court improperly relied on felony sex charges that were later not prosecuted and abused its discretion in revoking his supervised release.

I.

In 2005 Clark pleaded guilty to conspiracy to possess a stolen firearm in violation of 18 U.S.C. § 371. The district court sentenced him to 60 months in prison and 3 years of supervised release. A condition of that release required that Clark not commit another federal, state, or local crime.

Two years after being released from prison, a woman who was intimately involved with Clark reported to police that Clark may have sexually assaulted her four-year-old daughter. The victim reported that Clark molested and raped her. On June 5, 2009 a Fulton County Superior Court grand jury indicted Clark on six felony charges: aggravated child molestation, aggravated sodomy, rape, cruelty to children in the first degree, and two counts of child molestation.

But the State's case against Clark unraveled. Forensic reports showed that his DNA was not in the victim's undergarments. A psychologist who Clark's counsel requested to review the case reported that the victim fabricated stories and made inconsistent statements.

As a part of a plea agreement Clark pleaded guilty to simple assault, a lesser included misdemeanor offense of his cruelty to children charge. The felony charges were dead-docketed, which means the State abandoned prosecuting those charges. Clark's federal supervising probation officer then filed a petition with the district court to revoke Clark's supervised release based on Clark's guilty plea and the six-felony indictment.

At a December 29, 2010 revocation hearing Clark admitted to entering the guilty plea. The government acknowledged that it could not prove he committed the six felony charges by a preponderance of the evidence, the standard of proof for revoking custodial release. Clark and the government disagreed, however, over the length of the statutory sentence for the violation of his supervised release. Clark wanted a sentence within the 8 to14 month guidelines range; the government wanted the statutory maximum of 24 months. The district court requested a transcript of his plea colloquy from the simple assault case and continued the hearing until it received that evidence.

Both sides presented exhibits, including a transcript of the plea colloquy, and a second hearing was held a month later. The government lowered its sentence request to 14 months after reviewing Clark's exhibits, which cast doubt on the

3

victim's sexual abuse allegations.  Clark then asked for a sentence of 12 months and a day.

The district court revoked his supervised release "based on that [simple assault] conviction."  In determining Clark's sentence, the district court considered his criminal history, which included a rape conviction, and found that he posed a "tremendous risk" for recidivism.  The court also found that "some improper sexual contact" occurred between Clark and the victim, despite the State's decision not to pursue the felony charges.  The district court concluded that the guidelines range of 8 to 14 months was inadequate and it sentenced Clark to 24 months in prison, the statutory maximum.  At the hearing Clark objected to the sentence on the grounds that it was substantively unreasonable.

Clark now contends that the district court abused its discretion in finding, by a preponderance of the evidence, that he violated the conditions of his supervised release based on the felonies "which the government abandoned and was not proceeding on."

## II.

We review a district court's judgment revoking supervised release for abuse of discretion.  United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994).  However, when the defendant objects to the revocation for the first time on appeal,

we review only for plain error.  United State v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).  "Under the plain-error standard, [the defendant] must show that (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."  Id.

"Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release . . . ."  United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006); see 18 U.S.C. § 3583(e)(3).  We have held that due process requires the district court to state "the reasons for the revocation of supervised release and the evidence the decision maker relied upon."  United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994).

### III.

Clark contends that the district court abused its discretion by finding by a preponderance of the evidence that he violated his supervised release based on the felony indictments that the State later abandoned.  Because Clark never objected to the revocation of his supervised release at his second revocation hearing, we will review the district court's decision using the plain-error standard.

A condition of Clark's supervised release was that he would not commit any federal, state, or local crime.  Yet he pleaded guilty to committing the crime of

5

simple assault on a four-year-old victim in May 2009, and at the time of that assault, Clark had more than a year remaining on his supervised release.

At his second revocation hearing, Clark admitted to the district court that he had pleaded guilty to the simple assault charge, and the government introduced evidence showing that he had done so. A preponderance of evidence established that Clark violated the condition of his supervised release that he refrain from committing another crime. See Sweeting, 437 F.3d at 1107; 18 U.S.C. § 3583(e)(3). The district court stated the reason for the revocation was Clark's conviction for the simple assault charge. See Copeland, 20 F.3d at 414.

Because the record establishes that the district court did not rely on the dropped felony child-sex-abuse charges, but instead based its decision to revoke his supervised release on Clark's admission that he pleaded guilty to the lesser-included offense of misdemeanor simple assault, the district court did not commit any error, much less plain error, in revoking Clark's supervised release. [1]

**AFFIRMED.**

---

[1]While Clark objected to the substantive reasonableness of his sentence at the revocation hearing, he did not raise that issue in his brief to this Court. Therefore, it is abandoned. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

6