[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11193
Non-Argument Calendar
_____

D.C. Docket No. 0:11-tp-60013-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGER A. BROWNE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(December 27, 2012)


Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Roger A. Browne, M.D., appeals pro se the denial of his motion to terminate

his supervised release.  18 U.S.C. §  3583(e)(1).  Browne argues that he should

have been allowed to resume employment in the medical profession and that the district court failed to provide a sufficient explanation for its decision. We affirm.

We review the denial of a motion to modify supervised release for abuse of discretion. United States v. Cunningham, 607 F.3d 1264, 1266 (11th Cir. 2010). Under the abuse of discretion standard, "[w]e will reverse only if we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached." United States v. Moran, 573 F.3d 1132, 1137 (11th Cir. 2009) (internal quotation marks and alterations omitted). We review for plain error any argument not initially presented to the district court. United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). To satisfy that standard, the defendant must prove that there was an error that was plain, affected his substantial rights, and seriously affected the fairness of the judicial proceedings. Id.

Browne was convicted of conspiring to distribute oxycodone and served a 30-month term of imprisonment. Browne was released to serve three years of supervised release, during which time he was prohibited from engaging in the medical profession. After his release, Browne failed to report to his probation officer within 72 hours of his release, and it took officers four months to locate him. Although Browne signed a form acknowledging the conditions of his release,

2

he failed to comply with the standard condition to obtain a job.  Browne moved to terminate his supervised release to resume employment in the medical field.

The district court did not abuse its discretion by denying Browne's motion to terminate his supervised release.  Section 3583(e)(1) permits a district court to "terminate a term of supervised release and discharge the defendant" if, "after considering the [statutory] factors for sentencing," 18 U.S.C. § 3553(a), the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Id. § 3583(e)(1).  Supervised release is intended to facilitate training and rehabilitation, Johnson v. United States, 529 U.S. 694, 709, 120 S. Ct. 1795, 1805 (2000), and to achieve the statutory goals of sentencing to account for the nature and circumstances of the offense, to deter future similar crimes, and to protect the public, 18 U.S.C. § 3553(a).  The district court reasonably determined, based on the statutory purposes of sentencing and Browne's refusal to satisfy the standard terms of his supervised release, that his continued exclusion from the medical profession would shield Browne from the temptation to reoffend and protect the public from the dangers inherent in the distribution of controlled substances.  After Browne had twice violated the conditions of his release, the district court had ample reason to deny summarily his motion to terminate his supervised release.

3

We **AFFIRM** the denial of Browne's motion to terminate his supervised release.