[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10069
Non-Argument Calendar
_____

D.C. Docket No. 5:08-cr-00047-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY RUTHERFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 16, 2013)

Before MARCUS, FAY and EDMONDSON, Circuit Judges.

PER CURIAM:

Gregory Rutherford appeals his 120-month sentence imposed after he pleaded guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).  On appeal, Rutherford argues that his sentence is procedurally and substantively unreasonable.  No reversible error has been shown; we affirm.[1]

We review a final sentence for procedural and substantive reasonableness.  United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008).  A sentence might be procedurally unreasonable if the district court fails to explain adequately the chosen sentence.  Id.

Rutherford argues that his sentence is unreasonable procedurally because the district court failed to explain adequately its decisions (1) to sentence Rutherford as a career offender and (2) to grant a smaller downward departure than Rutherford requested.  Because Rutherford raises this argument for the first time on appeal, we

---

[1] We deny the government's motion to dismiss Rutherford's appeal based on the appeal waiver in Rutherford's plea agreement.  During the plea colloquy, the district court mischaracterized the terms of the appeal waiver; and the record does not otherwise make clear that Rutherford understood the full implication of the appeal waiver.  As a result, Rutherford's appeal waiver does not bar his claims on appeal.  See United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993).

review only for plain error.[2]  See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

The district court's explanation for the sentence imposed was sufficient. When Rutherford challenged his career offender status at the sentencing hearing, the district court explained -- and Rutherford conceded -- that his argument was foreclosed by current circuit precedent.  After considering both parties' arguments in support of the government's substantial assistance motion, the district court said expressly that the sentence imposed was appropriate in the light of the section 3553(a) factors and the "totality of the circumstances."  We see no plain error.  The district court is not required to discuss expressly each of the section 3553(a) factors.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

Rutherford also argues that his sentence is unreasonable substantively because, although his designation as a career offender was "technically correct," his sentence overrepresents his criminal history.  We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  See Gall v. United States, 128 S.Ct. 586, 597 (2007).  The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors.

---

[2] Under plain-error analysis, Rutherford must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

Talley, 431 F.3d at 788.  We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

Rutherford's sentence constitutes a 68-month downward departure from the applicable guidelines range of 188 to 235 months' imprisonment.  Cf. Talley, 431 F.3d at 788 (concluding that sentences within the guidelines range are ordinarily expected to be reasonable).  Rutherford's sentence is also well below the 40-year statutory maximum sentence for his offense.  See Gonzalez, 550 F.3d at 1324 (concluding that the reasonableness of a sentence may also be indicated when the sentence imposed was well below the statutory maximum sentence).

In fashioning Rutherford's sentence, the court considered expressly the extent of Rutherford's substantial assistance and the section 3553(a) factors.  Based on this record, we are unconvinced that the district court committed a clear error of judgment when it imposed Rutherford's sentence.

AFFIRMED.