## In re ABLE BODY TEMPORARY SERVICES, INC., Frank Michael Mongeluzzi, a.k.a. Frank Mongeluzzi, Debtors.

### Regions Bank, Plaintiff–Appellant,

v.

### Christine L. Herendeen, Angela Welch, Defendants–Appellees.

### No. 15–11301.

United States Court of Appeals,
Eleventh Circuit.

Feb. 1, 2016.

Edmund S. Whitson, III, Arnstein & Lehr, LLP, Tampa, FL, for Plaintiff–Appellant.

Brian G. Rich, Tallahassee, FL, Paul A. Avron, Berger Singerman, LLP, Boca Raton, FL, for Defendant–Appellee.

Before TJOFLAT, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

We have had the benefit of oral argument, and have carefully reviewed the briefs of the parties and record. We conclude that the judgment of the district court should be affirmed. Regions Bank makes essentially two arguments on appeal:[1] that there is an insufficient evidentiary basis in the record to support the bankruptcy judge's approval of the compromise; and that Regions Bank did not

have a sufficient opportunity for discovery to test the reasonableness of the compromise.

For the reasons set forth by the bankruptcy judge and the district judge, and for the reasons fully explored at oral argument, we conclude that Regions Bank's arguments are wholly without merit.

AFFIRMED.

### UNITED STATES of America, Plaintiff–Appellee,

v.

### Michael Phillip TELEMAQUE, Defendant–Appellant.

### No. 14–14122
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 1, 2016.

Robert G. Davies, U.S. Attorney's Office, Pensacola, FL, Robert O. Davis, Terry Flynn, Herbert Stanley Lindsey, Winifred L. Acosta Nesmith, U.S. Attorney's Office, Tallahassee, FL, Pamela C. Marsh, Francis Todd Williams, U.S. Attorney's Office, Gainesville, FL, for Plaintiff–Appellee.

Valarie Linnen, Valarie Linnen, Esq., Atlantic Beach, FL, for Defendant–Appellant.

---

1. Other arguments on appeal are rejected without need for discussion.

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Telemaque appeals the District Court's revocation of his term of supervised release. In 1977, Telemaque having been convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, the District Court sentenced him to a prison term of 180 months to be followed by a term of supervised release of 60 months. In 2013, Telemaque was convicted in the Western District of Louisana on four counts of failure to depart the United States as required by an order of removal, *see* 8 U.S.S. § 1253(a)(1)(B), and sentenced to prison for 57 months, with a 36 months' term of supervised release. In April 2014, the District Court's probation office petitioned the court to revoke Telemaque's supervised release based on these § 1253(a)(1)(B) convictions. Following a revocation hearing, the court sentenced Telemaque to prison for a term of 27 months, to run consecutively to the 57 months' term. Telemaque appeals the 27 months' sentence.

Telemaque makes two arguments. First, his Western District of Louisiana convictions were not dispositive of whether he violated the terms of his supervised release; indeed, the District Court was permitted to look beyond the mere fact of those convictions in deciding whether to revoke his release. Second, the court abused its discretion in concluding that he violated the terms of his supervised release, for he had a good faith belief that he was not required to obtain the documents necessary for his removal, which formed the basis of the Western District of Louisiana convictions.[1]

We review a district court's revocation of supervised release for an abuse of discretion, *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir.1994), and its findings of fact for clear error, *United States v. Almand*, 992 F.2d 316, 318 (11th Cir.1993).

A district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). Evidence of a conviction is probative to establish the defendant violated a state or federal law and, thereby, violated a condition of his supervised release. *United States v. Hofierka*, 83 F.3d 357, 363 (11th Cir.), *modified on other grounds*, 92 F.3d 1108 (11th Cir. 1996).

A supervised release revocation proceeding is not the proper forum in which to collaterally attack the conviction giving rise to the revocation. *Id.* With the sole exception of a conviction obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding cannot attack the validity of a prior state court conviction that serves as the predicate offense for an enhancement under 18 U.S.C. § 924(e). *Custis v. United States*, 511 U.S. 485, 496–97, 114 S.Ct. 1732, 1738–39, 128 L.Ed.2d 517 (1994). In an immigration removal proceeding, an alien does not have a Sixth Amendment right to counsel,

---

1. The government contends that Telemaque did not present these arguments to the district court. Arguments raised for the first time on appeal are reviewed for plain error, meaning that the defendant must show that (1) an error occurred, (2) the error was plain, (3) it affected substantial rights, and (4) it seriously affected the fairness of judicial proceedings. *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir.2003). We give Telemaque the benefit of the doubt are review his arguments for error.

only a privilege. 8 U.S.C. § 1362; *Dakane v. U.S. Att'y Gen.,* 371 F.3d 771, 774 (11th Cir.2004), *corrected,* 399 F.3d 1269 (11th Cir.2005).

The district court did not err in revoking Telemaque's supervised release. The evidence of the prior convictions was proved that he violated federal law and thus violated the terms of his supervised release.

AFFIRMED.