[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13327
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00076-VMC-AAS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee.

versus

JORGE ELIECER CIFUENTES-CUERO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 31, 2020)

Before MARTIN, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jorge Cifuentes-Cuero pled guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). He appeals his conviction, arguing that the factual basis for his guilty plea was insufficient and that the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70501 *et. seq.*, as applied to his conduct, exceeds Congress' authority under the Foreign Commerce Clause. For the following reasons, we affirm.

## I

On March 18, 2015, a federal grand jury returned a two-count indictment against Mr. Cifuentes-Cuero, charging him with conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii) (count one), and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) (count two). On April 30, 2018, he pled guilty to the second count, pursuant to a written plea agreement.

The plea agreement set forth the factual basis for Mr. Cifuentes-Cuero's offense as follows. From 2011 to 2015, Mr. Cifuentes-Cuero—who had been involved in maritime narcotics trafficking since 2001—was a principal member of a

2

Colombian and Ecuadorian-based drug trafficking organization. During that time, he organized the logistics of multiple maritime drug-trafficking ventures, including holding meetings with others and supplying information about vessel routes, rendezvous points, and final destinations. He owned several vessels that were used to transport cocaine and materials to launch sites where other vessels were staged and dispatched. He also hired and paid crewmembers on board the vessels that were transporting cocaine and funded the supplies necessary to conduct the ventures, including the purchase of vessels, fuel, engines, and electronic equipment.

On at least two occasions, Mr. Cifuentes-Cuero organized cocaine smuggling ventures that were interdicted by law enforcement.

First, Mr. Cifuentes-Cuero organized the distribution of cocaine by a go-fast vessel that was interdicted by the Coast Guard on January 4, 2013, in the international waters of the Pacific Ocean, approximately 120 nautical miles south of Acajutla, El Salvador. The crew made no claim of nationality or registry for the vessel, rendering the vessel without nationality and subject to the jurisdiction of the United States. The Coast Guard conducted a law enforcement boarding and recovered 318 kilograms of cocaine. The United States filed certifications by the Department of State that the vessel was subject to the jurisdiction of the United States.

3

Second, Mr. Cifuentes-Cuero organized the distribution of cocaine by the go-fast vessel that was interdicted by the Coast Guard on July 20, 2014, in the international waters of the Pacific Ocean, approximately 75 nautical miles northwest of Isla de Malpelo, Colombia. The crew claimed Colombian nationality for the vessel. The Government of Colombia was unable to confirm or deny the vessel's nationality, rendering it without nationality and subject to the jurisdiction of the United States. The law enforcement boarding team drilled into the deck of the vessel and discovered a hidden compartment that contained 587 individually wrapped packages containing a total of 704 kilograms of cocaine. The United States filed certifications by the Department of State that the vessel was subject to the jurisdiction of the United States.

At the change-of-plea hearing, the magistrate judge reviewed the plea agreement with Mr. Cifuentes-Cuero, confirming that he had a chance to review all the facts and evidence with his attorney. The government read the factual basis for his offense from the written plea agreement at the hearing. After the government read the factual proffer into the record, the magistrate judge asked Mr. Cifuentes-Cuero if he had any disagreement with the facts as stated by the government. He responded, "Nope. It is what is written there." D.E. 64 at 27. The magistrate judge then asked, "So everything is true then?" and Mr. Cifuentes-Cuero responded, "Yes." *Id.*

4

After the hearing, the magistrate judge recommended that the district court accept Mr. Cifuentes-Cuero's guilty plea. Mr. Cifuentes-Cuero did not object to the report and recommendation. The district court accepted the plea, entered a judgment of conviction, and imposed a sentence of 262 months' imprisonment. This appeal followed.

## II

### A

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Generally, "[t]he standard for evaluating [such a claim] is whether the [district] court was presented with evidence from which it could reasonably find that the defendant was guilty." *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1287 (11th Cir. 2015) (citation and internal quotation marks omitted; alterations in original).

Mr. Cifuentes-Cuero argues that the district court erred in accepting his plea because there was not a sufficient factual basis to support his conviction. The government responds that we should not consider this argument, because Mr. Cifuentes-Cuero waived it by failing to object to the magistrate judge's finding that there was a sufficient factual basis for his plea.

Under Federal Rule of Criminal Procedure 59(b)(2), failing to object to a magistrate judge's report and recommendation "waives a party's right to review" of

the unobjected-to issue on appeal.  Eleventh Circuit Rule 3-1 provides, however, that "[i]n the absence of a proper objection" to a magistrate judge's report, "the court may review on appeal for plain error if necessary in the interests of justice."  To establish plain error, a defendant must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).

Mr. Cifuentes-Cuero did not object to the magistrate judge's finding that the offense charged was supported by "an independent basis in fact[.]"  D.E. 45.  Indeed, at his change-of-plea hearing, Mr. Cifuentes-Cuero confirmed that he had a chance to review all the facts and evidence with his attorney and admitted that the factual proffer was correct.  *See* D.E. 64 at 8, 27.  Mr. Cifuentes-Cuero therefore waived his challenge to the sufficiency of the factual basis for his plea.  *See United States v. Garcia-Sandobal*, 703 F.3d 1278, 1283 (11th Cir. 2013) (holding that the defendant waived his argument that the district court erred when it accepted his guilty plea because he did not file any objections to the magistrate judge's recommendation that the district court accept his plea).

Even if we were to review for plain error, there is no plain error here.  Contrary to Mr. Cifuentes-Cuero's assertions, the factual proffer established that he took specific actions to organize multiple maritime drug trafficking ventures—including

6

that he owned vessels that were used to traffic cocaine, organized the logistics of cocaine trafficking ventures, hired and paid crewmembers to carry them out, and purchased fuel, engines, and other equipment needed.  It also established that on at least two of the ventures, the vessels were subject to the jurisdiction of the United States.  Mr. Cifuentes-Cuero admitted that these facts were correct.  *See* D.E. 64 at 27.  On this record, we cannot say that the district court plainly erred in finding that there was a sufficient factual basis to support his plea.  *See Puentes-Hurtado*, 794 F.3d at 1287.

**B**

Mr. Cifuentes-Cuero next argues that the MDLEA is unconstitutional under the Foreign Commerce Clause as applied to him, because his offense conduct occurred entirely within a foreign country and did not have any ties to the United States.  He raises this argument for the first time on appeal, so we review only for plain error.  *See United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005).

The MDLEA, as applied to Mr. Cifuentes-Cuero's conduct, does not exceed Congress' authority under the Foreign Commerce Clause.  This is because Congress' power to enact the MDLEA is derived from the Felonies Clause—which grants Congress "the power to define and punish felonies committed on the high seas"— not the Foreign Commerce Clause.  *See United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1248, 1257 (11th Cir. 2012) ("[W]e have always upheld extraterritorial

7

convictions under our drug trafficking laws as an exercise of the power under the Felonies Clause."). Indeed, "this Court has held that the MDLEA is a valid exercise of Congress's power under the Felonies Clause as applied to drug trafficking crimes without a 'nexus' to the United States." *United States v. Cabezas-Montano*, 949 F.3d 567, 587 (11th Cir. 2020) (citing *United States v. Campbell*, 743 F.3d 802, 809–10 (11th Cir. 2014)).

Mr. Cifuentes-Cuero argues that Congress' power to proscribe his conduct cannot be derived from the Felonies Clause because his actions occurred entirely on foreign land—and thus were not "committed on the high seas." Reply Br. at 7. But the fact that Mr. Cifuentes-Cuero was not physically on board the vessels is of no consequence. In a conspiracy, "the overt act of one partner in a crime is attributable to all," so long is it can be "reasonably foreseen as a necessary or natural consequence of the unlawful agreement." *Pinkerton v. United States*, 328 U.S. 640, 647–48 (1946). Even if Mr. Cifuentes-Cuero's own acts were not committed on the "high seas," the factual proffer established that his co-conspirators committed felonious acts in international waters that are attributable to him. The Felonies Clause therefore gives Congress the power to punish Mr. Cifuentes-Cuero for his role in the conspiracy. *See United States v. Ballestas*, 795 F.3d 138, 147 (D.C. Cir. 2015) (holding that the Felonies Clause "provides Congress with authority to 'punish' Ballestas for his role" in a drug trafficking conspiracy even though he was

never on board the relevant vessels because his "co-conspirators committed felonious acts on the high seas" that "are directly attributable to him"). Accordingly, there is no error in applying the MDLEA to Mr. Cifuentes-Cuero's conduct, let alone plain error.

## III

For the foregoing reasons, we affirm Mr. Cifuentes-Cuero's conviction.

**AFFIRMED.**